IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA GANT,<br><br>    Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC., JOHN DOE 1, and JOHN DOE 2,<br><br>    Defendants. | Civil Action<br>File No.: |

**PETITION FOR REMOVAL**

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, Big Lots Stores, Inc., by and through its undersigned counsel, and hereby files its Petition for Removal and respectfully shows this Court the following:

1. A civil action has been filed and is now pending in the Superior Court of Newton County, State of Georgia, designated as Civil Action File No. SUCV2020002204.

2. The Summons and Complaint in that action were filed in the Superior Court of Newton County on October 29, 2018, and were first received by Defendant

       Big Lots Stores, Inc. by service through its registered agent on November 5, 2020.  Thus, Big Lots, Inc. timely files this petition of removal.

3. Big Lots Stores, Inc. files herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446.  (Attached hereto as **Exhibit A**).

4. Defendant is now, was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of Ohio and having its principal place of business in Ohio.

5. Plaintiff is a citizen of the State of Georgia.

6. In the lawsuit, Plaintiff also named two "John Doe" defendants. 28 USC § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. Accordingly, this Court can ignore the "John Doe" defendants for purposes of establishing diversity jurisdiction.

7. After disregarding the "John Does" when considering whether complete diversity exists, the Court is left with the Georgia resident Plaintiff, and Ohio

resident Big Lots Stores, Inc. Therefore, complete diversity exists and this case is properly removed.

8. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the parties and Defendant is not a resident of the State of Georgia, the Parties are not residents of the same State, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) A Defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional amount. Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga.

1996). When deciding whether the amount in controversy has been satisfied, the District Court can use its judicial experience and common sense. <u>Roe v. Michelin North America, Inc.</u>, 613 F. 3d. 1058, 1064 (11th Cir. 2010).

The complaint alleges Plaintiff slipped and fell on a "wet substance" in Defendant's retail store. (Exhibit A, ¶ 12-13). Plaintiff alleges that as a result, she sustained injuries "to her left hip and low back with radiating pain into both her hips and legs." (Exhibit A, ¶ 14). The complaint does not allege a specific figure or amount of special damages. It does, however, allege a claim for punitive damages. (Exhibit A, ¶ 23-26).

Since the amount in controversy or damages is not apparent from the face of the complaint, the court may look to "other paper" to determine if the $75,000.00 requirement is met. In March 2020, Plaintiff served a demand letter on Plaintiff. (See **Exhibit B**). It outlines Plaintiff's injuries and medical treatment, which includes injuries to her neck and low back, and multiple rounds of injections for pain. (Exhibit B, pp. 3-13). It alleged Plaintiff has incurred over $53,000.00 in past medical bills. The demand letter also claimed Plaintiff's total special damages were $803,253.57. Finally, the demand made an offer to compromise the claim for $185,000.00. (Exhibit B, p. 15).

Therefore, based on the claimed past medical bills, total special damages, and the presence of a claim for punitive damages, it is clear the amount in controversy exceeds $75,000.00.

9. Defendant attaches hereto a copy of the Summons and Complaint in the Superior Court of Newton County, Georgia. (Exhibit A).

10. Defendant attaches hereto a copy of Defendant's Notice of Removal filed in the Superior Court of Newton County, Georgia. (**Exhibit C**).

11. This action is currently pending in the Superior Court of Newton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division.  28 U.S.C.A. § 1446(a).

12. All Defendants who have been served consent to this removal.

WHEREFORE the Defendant prays the above action now pending before the Superior Court of Newton County, Georgia be removed to this Court.

This 4th day of December, 2020.

**[Signature on following page]**

- 6 -

        Goodman McGuffey LLP
        Attorneys for Big Lots Stores, Inc.

By:   */S/ ROBERT E. NOBLE, III*
        ROBERT E. NOBLE, III
        GA Bar No.  261331
        rnoble@GM-LLP.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        (404) 264-1500 Phone
        (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA GANT,<br><br>    Plaintiff,<br>v.<br><br>BIG LOTS STORES, INC., JOHN DOE 1, and JOHN DOE 2,<br><br>    Defendants. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this **Petition for Removal** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

> Rita Tucker Williams, Esq.
> Williams & Associates, PC
> 160 Clairemont Avenue, Suite 200
> Decatur, GA 30030
> rtwilliams@williamsandassoc.com

This 4th day of December, 2020.

> */s/ Robert E. Noble, III*
> ROBERT E. NOBLE, III
> GA Bar No. 261331
> rnoble@GM-LLP.com
> Goodman McGuffey LLP
> 3340 Peachtree Road NE, Suite 2100
> Atlanta, GA 30326-1084
> (404) 264-1500 Phone, (404) 264-1737 Fax